Steven Carlson (CA Bar No. 206451)
Kevin Pasquinelli (CA Bar No. 246985)
Robins Kaplan LLP
2440 West El Camino Real
Suite 100
Mountain View CA 94040
Telephone: (650) 784-4040
Fax: (650) 784-4041

*Attorneys for Plaintiff Expensify, Inc.*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPENSIFY, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| vs. | |
| EDDIE WHITE AND MATT KOLESAR, | |
| Defendants. | |

### COMPLAINT

Expensify, Inc. ("Expensify"), a Delaware corporation, brings this claim, seeking a declaratory judgment by this Court pursuant to 28 U.S.C. § 2201 against Defendants Eddie White ("White") and Matt Kolesar ("Kolesar") (collectively, "Defendants"), and in support thereof does allege and state as follows:

### NATURE OF CASE

1.   This is an action for declaratory judgment arising under the Americans with Disabilities Act, 42 U. S. C. § 12101 *et seq*. ("ADA"), California's Unruh Civil Rights Act ("the Unruh Act"), and the Pennsylvania Human Relations Act ("PHRA").

2.   Defendants have asserted that Expensify violates the ADA, the Unruh Act, and the PHRA by not accommodating the needs of the visually impaired via its website and mobile applications. Claims against Expensify based on these statutes are not legally cognizable. In the Ninth Circuit it

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

is well settled law that the ADA does not apply to websites unless there is a nexus between the site and a brick-and-mortar store which offers goods or services to customers. Expensify offers no goods and services through its office space and therefore no nexus exists between Expensify's offices and the services it offers the public through its website. Second, Defendants cannot establish an Unruh Act cause of action, independent of an ADA claim, unless there is intentional discrimination in public accommodations in violation of the terms of the Act. Defendants cannot aver facts that would support intentional discrimination and therefore, any Unruh Act cause of action fails. Lastly, Defendants have asserted that Expensify is in violation of the PHRA. Under Pennsylvania law any cause of action requesting this court's assistance must first have been brought before the Pennsylvania Human Rights Commission ("PHRC"). Defendants have failed to bring any such claim against Expensify. As such, Defendants have failed to exhaust their administrative remedies, and any PHRA matter is not ripe for hearing at this time.

## JURISDICTION AND VENUE

3.   This Court has federal question jurisdiction over the subject matter of this action, the ADA, pursuant to 28 U.S.C. § 1331 and 42 U.S.C § 12188, and supplemental jurisdiction over the related state claims under the Unruh Act and the PHRA.

4.   This Court has personal jurisdiction over Defendant White because he is a resident of the State of California.[1]

5.   This Court has personal jurisdiction over Defendant Kolesar because he has purposefully conducted activities jointly with other California residents into California relative to the subject matter of his action; directed his actions in concert with other California residents in California relative to the subject matters of this action, hired counsel in California jointly with other California residents for such purposes, made demands in concert with other California residents upon

[1] Exh. 1 Pg. 1 ¶ 1 states that Mr. White resides in California.

Expensify in California relating to Expensify's online automated expense reporting services (which are hosted from and provided from California), and purposefully availed himself of California law by threatening frivolous litigation in concert with other California residents against Expensify based on protections offered by California law (including at least the Unruh Act) to obtain "statutory damages on a class basis."[2]

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this lawsuit arises in relation to web services and mobile applications developed by Expensify out of its places of business in San Francisco, California and Portland, Oregon. In addition, Expensify hosts its webservers in San Jose, Los Angeles, and Reno. As a result, a substantial part of the decisions and events giving rise to the claim at issue herein occurred within this judicial district.

## BACKGROUND OF EXPENSIFY SERVICES

7. Expensify is a Delaware corporation with principal places of business in San Francisco, California and Portland, Oregon.

8. Expensify offers services that automate expense reporting, through its software as a service ("SaaS") platform.

9. Expensify's services can be accessed through its website, http://www.expensify.com, and through native software applications that are available on Apple (iOS) and Google (Android) mobile devices.

10. Expensify does not sell or allow access to its services through brick and mortar retail or commercial locations. All of Expensify's expense automation services operate through its website and its mobile applications. Expensify's physical offices are not open to the public or to Expensify's customers (*i.e.*, Expensify has no customer-facing physical location). Defendants were informed of

---

[2] Exh. 2 Pg. 3 ¶ 2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

this readily-verifiable fact, yet persisted in pursuing these claims against Expensify.

11. More specifically, Expensify's expense reporting services do not facilitate access to or connect customers to goods or services in Expensify's physical offices. No goods or services are offered for sale from Expensify's physical offices. There is no nexus between Expensify's online services and its physical offices.

## FACTS RELATING TO THE UNDERLYING DISPUTE

12. Bringing suits based on ADA Title III claims has become a cottage industry. According to a bi-annual report by the law firm Seyfarth Shaw LLP, "the number of ADA Title III lawsuits filed in federal court in 2018 hit a record high of 10,163-- up 34% from 2017 when the number was a mere 7,663."[3] This number represents almost a fourfold increase since Seyfarth Shaw started tracking the filings in 2013. Of the 10,163 filed nationwide in 2018, 4,249 of those were filed in California, representing almost 42 percent of all lawsuits.[4]

13. On February 27, 2019, Mr. R. Bruce Carlson and Kevin W. Tucker of Carlson Lynch Sweet, Kilpela & Carpenter, LLP ("Carlson Lynch") sent a letter to David Barrett, Founder and CEO of Expensify, accusing Expensify of violating the ADA, the Unruh Act, and the PHRA. *See* Exhibit 1 (the "Demand Letter"). The Demand Letter asserts in part that Mr. White, a California resident, was "born with Cataracts and Glaucoma . . . He is totally blind in his left eye, and has very little vision in right eye."[5] "Mr. Kolesar resides in Pennsylvania . . .[and] . . suffers from retinitis pigmentosa, a genetic disorder that rendered him totally blind when he was just nineteen years old."[6] As such, "both individuals use screen reader technology to access mobile applications on their smartphones."[7] The Demand Letter asserts that the Expensify software is not designed to utilize the

---

[3] Exh. 2 Pg. 1 ¶ 1.
[4] Id. at Pg. 2, lower graph.
[5] Exh. 1 at Pg. 1 ¶ 1.
[6] Id.
[7] Id.

screen reader technology and therefore denies equal access by lack of "provid[ing] text equivalents for non-text elements," and "fail[ure] to distinguish elements that trigger changes."[8]

14. Carlson Lynch is a leading filer of ADA claims. According to Lex Machina, Carlson Lynch has filed ninety-nine employment law claims, fifteen of those currently open.[9] According to the Wall Street Journal, as of November 1, 2016, "the suits often settle quickly, for between $10,000 and $75,000 . . . with the money typically going toward plaintiffs' attorneys' fees and expenses."[10] As of 2016, Carlson Lynch's own website was not compliant with the standards it asserts in its demand letters.[11]

15. On March 18, 2019, Mr. Steven Carlson, of Robins Kaplan LLP, counsel for Expensify, responded to the accusations stating very clearly that "Expensify offers its services exclusively through the Internet" and as such does not offer its services through *places of public accommodation* as required to state a claim under the ADA Title III.[12] Electronic services offered over the Internet are not a *place of public accommodation*, as determined by the Ninth Circuit and others. Below is a discussion of applicable law.

16. On or about this time, Expensify searched its databases for any record of Defendants White or Kolesar registering for an Expensify account. To date, Expensify has found no accounts that appear to be associated with Defendants White or Kolesar.[13]

17. On Saturday, March 23, 2019, Mr. Kevin Tucker, of Carlson Lynch, sent an email to Mr. Steven Carlson stating that he knew ways to "overcome the 'public accommodation' argument you raise." This law is also discussed below. All of these "solutions" were to file suit in foreign courts,

---

[8] Exh. 1 Pg. 2 ¶¶ 3-4.
[9] Exh. 4 Lex Machina screen shot.
[10] Exh. 5 Pg. 1. ¶ 3.
[11] Exh. 6. Letter from counsel in prior case demonstrating failure of Carlson Lynch website to pass accessibility tests.
[12] Exh. 3 Pg. 2 ¶ 4.
[13] This cannot be definitely known without further details of defendants. Expensify has found a customer named Matt Kolesar, however this account has not been active for three years.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

such as the West District of Pennsylvania, the District of Massachusetts, and the District of New Hampshire, where Expensify has no physical presence.

## GOVERNING LAW

### *AMERICANS WITH DISABILITIES ACT*

18. Circuit courts are split on whether websites, and associated mobile applications which access those websites, constitute a *place of public accommodation* as required by the ADA. Courts of the Third, Sixth, Ninth, and Eleventh Circuits hold that the statute is unambiguous, holding that *places of public accommodation* are physical structures, and that the only goods and services that a disabled person has a full and equal right to enjoy are those offered at a physical location. Discrimination relating to a website only exists if the discriminatory conduct has a *nexus* to the goods and services offered at a physical location.

19. This approach means that an inaccessible website associated with a brick and mortar retail store could be in violation of the ADA if the website's inaccessibility interferes with the *full and equal enjoyment* of the goods and services offered at the physical store. However, a business that operates solely through the Internet and has no customer-facing physical location is not required to make its website accessible.

20. The most recent Ninth Circuit case affirming these positions is *Robles v. Domino's Pizza, LLC,* 913 F.3d 898, 902 (9th Cir. 2019). *Robles* affirmed *Weyer v. Twentieth Century Fox Film Corp*, 198 F.3d 1104, 1113-14 (9th Cir. 2000), which held that the ADA covers only: (1) physical places were goods or services are open to the public; and (2) to apply to a website, the site must have some connection between the good or service complained of and an actual physical place. *Robles* at 905. In applying *Weyer*, district courts have made clear that websites without a nexus to physical structures do not constitute *places of public accommodation*. Additional authority arising from California in the Ninth Circuit reaffirm this standard:

- *Young v. Facebook, Inc.,* 790 F.Supp.2d 1110, 1115 (N.D. Cal. 2011) ("Under controlling Ninth Circuit authority, 'places of public accommodation' under the ADA are limited to actual physical spaces ... Facebook operates only in cyberspace, and thus is not a 'place of public accommodation' as construed by the Ninth Circuit. While Facebook's physical headquarters obviously is a physical space, it is not a place where the online services to which [the plaintiff] claims she was denied access are offered to the public.");

- *Nat'l Fed'n of the Blind v. Target Corp.,* 452 F. Supp. 2d 946, 952 (N.D. Cal. 2006) (holding that the ADA can only apply to a website when "there is a 'nexus'" alleged between the challenged conduct and defendant's "physical space.");

- *Earll v. eBay, Inc.,* No. 5:11-CV-00262-JF HRL, 2011 U.S. Dist. LEXIS 100360, 2011 WL 3955485, at *2 (N.D. Cal. Sept. 7, 2011) (holding [**12] that eBay's website is not a place of public accommodation under the ADA).

Courts in the Third and Eleventh Circuits also require a nexus. *See*

- *Tawam v. APCI Federal Credit Union*, 2018 WL 3723367 *6 (E.D. Pa. August 6, 2018) (claim under Title III of the ADA requires some "nexus" between the physical place of public accommodation and the services denied in a discriminatory manner) *citing Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010) and *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 120 (3d Cir. 1998).

- *Gomez v. Bang & Olufsen Am., Inc.,* 2017 U.S. Dist. LEXIS 15457, 2017 WL [*390] 1957182, at *4 (S.D. Fla. Feb 2, 2017) ("All the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-mortar [sic] store. . . . [therefore] his ADA claim must be dismissed.").

21. Defendants, in their most recent letter, cite to single case from the W.D.Pa., *Suchenko v. Ecco USA, Inc.*, 2018 WL 3933514 (W.D.Pa. Aug. 16, 2018). In *Suchenko* the Court did not grant dismissal, holding that defendant "purportedly owns, operates, and/or controls the property upon which the alleged discrimination has taken place—i.e., its website. Therefore, Plaintiff in this case has a nexus to the place of public accommodation and thus may claim the protections of Title III."). The holding is in error, failing to correctly apply either *Peoples v. Discover Fin. Servs., Inc.*, or *Menkowitz v. Pottstown Mem'l Med. Ctr.*, both of which are controlling in the Third Circuit. Even if *Suchenko* were correctly decided, it is not controlling in the Ninth Circuit.

### *The Unruh Act*

22. A violation of the Unruh Act may be maintained independent of an ADA claim only where "intentional discrimination in public accommodations in violation of the terms of the Act" are pled. *Munson v. Del Taco, Inc.,* 46 Cal. 4th 661, 668, 94 Cal. Rptr. 3d 685, 208 P.3d 623 (2009) (quoting *Harris v. Capital Growth Investors XIV,* 52 Cal. 3d 1142, 1175, 278 Cal. Rptr. 614, 805 P.2d 873 (1991). To prove intentional discrimination there must be allegations of "willful, affirmative misconduct," and there must be more than the disparate impact of a facially neutral policy on a particular group. *Koebke v. Bernardo Heights Country Club,* 36 Cal. 4th 824, 854, 31 Cal Rptr. 3d 565, 115 P.3d 1212 (2005).

23. To sufficiently state a cause of action under the Unruh Act, Defendants' claim cannot be based solely on the disparate impact of Expensify's policies on visually impaired individuals. Rather, it must be grounded on intentional discrimination. Defendants have not asserted any facts, plausible or otherwise, relating to intentional discrimination because no such discrimination exists.

### *Pennsylvania Human Relations Act*

24. Expensify has been accused of violating the PHRA. "To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the alleged act of discrimination. If a plaintiff fails to file a timely complaint with the PHRC, then he or

she is precluded from pursuing judicial remedies. The Pennsylvania courts have strictly interpreted this requirement." *Waters v. Genesis Health Ventures, Inc.*, 2004 U.S. Dist. LEXIS 25604, Civ.A.No. 03-CV-2909, 2004 WL 2958436, at *5 (E.D. Pa. Dec. 21, 2004) (quoting *Richards v. Foulke Assocs., Inc.*, 151 F. Supp. 2d 610, 613 (E.D. Pa. 2001)). In *Vincent v. Fuller Co.*, 532 Pa. 547, 616 A.2d 969 (Pa. 1992), the Pennsylvania Supreme Court stated that: "persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act. This rule of 'exhaustion of remedies' has long been applied by the courts of this Commonwealth to claims under the Act."

25. Expensify has not been named as a defendant in a Charge of Discrimination ("COD") before the Pennsylvania Human Relations Commission (the "Commission"). Therefore, Defendants have not exhausted their administrative remedies against Expensify in this action and therefore any PHRA judicial remedy requested in this tribunal cannot stand.

26. Therefore, an actual and justiciable controversy exists, within the meaning of the Declaratory Judgment Act, between Expensify and the Defendants as to the applicability and requirements of the ADA, the Unruh Act, and the PHRA regarding the website and mobile applications of Expensify. Therefore, a declaration by this Court is necessary to resolve this controversy.

## COUNT 1 – CLAIM FOR DECLARATORY RELIEF

## NON VIOLATION OF TITLE III OF THE ADA

27. Expensify re-alleges and incorporates each of the foregoing paragraphs by reference as through fully set forth herein.

28. Expensify's website and mobile applications are not places of public accommodation as required by Title III of the ADA.

29. Defendants' allegations regarding the ADA, the functionality of Expensify's website and

mobile applications, such as lack of "provid[ing] text equivalents for non-text elements," and "fail[ure] to distinguish elements that trigger changes,"  has created a case or controversy regarding the ADA.

30. Expensify requests a declaration that Expensify's website and mobile applications are not places of public accommodation and do not violate the ADA, and therefore Defendants allegations fail as a matter of law.

## COUNT 2 – CLAIM FOR DECLARATORY RELIEF

## NON-VIOLATION OF THE UNRUH ACT

31. Expensify re-alleges and incorporates each of the foregoing paragraphs by reference as though fully set forth herein.

32. Defendants have not asserted that Expensify has intentionally discriminated in public accommodations in violation of the terms of the Unruh Act and they cannot. Expensify has not intentionally, or otherwise, discriminated in public accommodations.

33. Despite not asserting intentional discrimination in public accommodations, Defendants have asserted that Expensify is violation the Unruh Act relative to its website and mobile applications being accessible to the visually impaired.

34. Therefore, an actual case or controversy exists whether Expensify is in violation of the Unruh Act.

35. Expensify's website and mobile applications are not places of public accommodation and Expensify has not intentionally discriminated relative to its websites.

36. As such, Expensify requests a declaration that its website and mobile applications are not places of public accommodation, that Expensify has not intentionally discriminated relative to its website and therefore does not violate the Unruh Act as a matter ow law.

## COUNT 3 – CLAIM FOR DECLARATORY RELIEF

## NON-VIOLATION OF THE PHRA

37. Expensify re-alleges and incorporates paragraphs 1-30 by reference as though fully set forth herein.

38. Under the PHRA Defendants must first have filed an administrative complaint, asserting a Charge of Discrimination ("COD") with the Pennsylvania Human Relations Commission ('PHRC") within 180 days of the alleged act of discrimination.

39. Expensify has not been named as a defendant in a COD before the PHRC.

40. Defendants have not exhausted their administrative remedies against Expensify in this action and therefore any PHRA judicial remedy requested in this tribunal is not ripe.

## PRAYER FOR RELIEF

WHEREFORE, Expensify prays for relief as follows:

i. That the Court enter judgment for Expensify;

ii. For a Declaratory Judgment that Expensify is not in violation through its website, mobile applications, or otherwise, in violation of Title III of the ADA.

iii. For a Declaratory Judgment that Expensify is not in violation through its website, mobile applications, or otherwise, in violation of the Unruh Act.

iv. For a Declaratory Judgment that Expensify is not in violation through its website, mobile applications, or otherwise, in violation of PHRA.

v. That pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and/or other applicable authority, Defendants be ordered to pay all of Expensify's reasonable attorneys' fees incurred in defending against Defendants' claims;

vi. For costs incurred in defense of this action;

vii. For such other and further relief as the Court may deem proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ROBINS KAPLAN LLP**

Dated: April 8, 2019

/s/ *Kevin Pasquinelli*
Steven Carlson (CA Bar No. 206451)
Kevin Pasquinelli (CA Bar No. 246985)
ROBINS KAPLAN LLP
2040 West El Camino Real
Mountain View, CA  94040
Tele: (650)-784-4040
Fax: (650) 784-4041
scarlson@robinskaplan.com
kpasquinelli@robinskaplan.com

*Attorneys for Plaintiff*
*EXPENSIFY, INC.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28