Todd D. Carpenter (CA Bar No. 234464)
Eric D. Zard (CA Bar No. 323320)
CARLSON LYNCH LLP
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone: (619) 762-1910
Fax: (619) 756-6991
ezard@carlsonlynch.com

R. Bruce Carlson (*pro hac vice*)
Kevin W. Tucker (*pro hac vice*)
CARLSON LYNCH LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T. (412) 322-9243
bcarlson@carlsonlynch.com
ktucker@carlsonlynch.com

*Counsel for Defendants*
*Eddie White and Matt Kolesar*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EXPENSIFY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>EDDIE WHITE and MATT KOLESAR,<br><br>Defendants. | Civil Action No. 4:19-cv-01892-PJH<br><br>*(Hon. Phyllis J. Hamilton)*<br><br>**DEFENDANTS' REPLY IN SUPPORT OF [22] MOTION TO DISMISS COMPLAINT**<br><br>*Declaration of Eddie White with Exhibits 1-2*<br><br>Date: September 18, 2019<br>Time: 9:00 a.m.<br>Courtroom: 3 (3rd Floor) |

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................... 1

ARGUMENT .................................................................................................. 2

I.   EXPENSIFY SEEKS AN ADVISORY OPINION ON ISSUES COLLATERAL TO THE PARTIES' PREVIOUS CASE OR CONTROVERSY ................................................................................. 2

II.  NO CONTROVERSY OF SUFFICIENT IMMEDIACY AND REALITY EXISTED WHEN EXPENSIFY SUED THE BLIND USER ........................................................................................ 4

III. NO CONTROVERSY EXISTS BETWEEN EXPENSIFY AND THE BLIND USER TODAY ................................................. 7

IV.  CONTROLLING AUTHORITY SUPPORTS ABSTENTION .......... 9

    A.   The Court Should Not Reward Expensify's Procedural Fencing ........................................................................... 10

    B.   Maintenance Of This Declaratory Judgment Action Will Entangle Pennsylvania's Administrative Remedies ................ 12

V.   EXPENSIFY IS NOT ENTITLED TO NOMINAL DAMAGES ..... 13

CONCLUSION ............................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. v. Haworth*,
   300 U.S. 227 (1937) ...........................................................................................7

*Am. Land Title Ass'n v. Great Am. Ins. Co.*, No. 05-cv-4365-PJH,
   2006 WL 1329782 (N.D. Cal. May 16, 2006) .................................................9, 10

*Brillhart v. Excess Ins. Co. of America*,
   316 U.S. 491 (1942) ...........................................................................................9

*Calderon v. Ashmus*,
   523 U.S. 740 (1998) ................................................................................ 2, 3, 12

*Canales-Robles v. Peters*,
   270 F. Supp. 3d 1230 (D. Or. 2017) ................................................................13

*Carey v. Piphus*,
   435 U.S. 247 (1978) .........................................................................................13

*City of L.A. v. Lyons,*
   461 U.S. 95 (1983) .............................................................................................7

*City Stores, Inc. v. Speedy Car-X, Inc.*,
   1995 WL 568818 (E.D. Va. Mar. 27, 1995) ....................................................11

*Coffman v. Breeze Corp.*,
   323 U.S. 316 (1945) .........................................................................................12

*Employees Ins. Co. v. Dizol*,
   133 F.3d 1220 (9th Cir. 1998) ......................................................................9, 10

*Fidelity Nat. Financial, Inc. v. Ousley*,
   2006 WL 2053498 (N.D. Cal. Jul. 21, 2006) .............................................. 10, 11

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
   896 F.2d 1542 (9th Cir. 1989) ...........................................................................7

*Howard v. Octagon, Inc.*,
  2013 WL 5122191 (N.D. Cal. Sept. 13, 2013)......................................................................8

*Indium Corp. of Am. v. Semi–Alloys, Inc.*,
  781 F.2d 879 (Fed. Cir. 1985).............................................................................................7

*Intellisoft, Ltd. v. Acer Am. Corp.*,
  2018 WL 2412179 (N.D. Cal. May 29, 2018) ....................................................................4

*Jacobs v. Clark County Sch. Dist.*,
  526 F.3d 419 (9th Cir. 2008).............................................................................................13

*Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc.*,
  619 F. Supp. 998 (D. Md. 1985) .......................................................................................11

*Koller v. Harris*,
  312 F. Supp. 3d 814 (N.D. Cal. 2018) ................................................................................9

*Lee v. Schmidt-Wenzel and Harter*,
  766 F.2d 1387 (9th Cir.1985).............................................................................................8

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) .................................................................................................. 2, 4, 6

*Merit Healthcare Intl., Inc. v. Merit Med. Sys., Inc.*,
  721 Fed. Appx. 628 (9th Cir. 2018) ................................................................................6, 7

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) ......................................................................................4, 7

*Public Affairs Assocs., Inc. v. Rickover*,
  369 U.S. 111 (1962) ............................................................................................................9

*Public Serv. Comm'n of Utah v. Wycoff Co.*,
  344 U.S. 237 (1952) ..........................................................................................................12

*Sample v. Johnson*,
  771 F.2d 1335 (9th Cir. 1985) ........................................................................................8, 9

*Theme Promotions, Inc. v. News Am. Mktg. FSI*,
 546 F.3d 991 (9th Cir. 2008) .................................................................................. 2

*White v. Square, Inc.*,
 S249248, 2019 WL 3771912 (Cal. Aug. 12, 2019) .............................................. 3

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
 433 F.3d 1199 (9th Cir. 2006) ................................................................................ 1

**Statutes**

28 U.S.C. § 2201 ....................................................................................................... 9, 13

42 U.S.C. § 1983 ............................................................................................................ 13

42 U.S.C. § 12101 ............................................................................................................ 1

**Rules**

Fed. R. Civ. Pro. 41 ......................................................................................................... 1

# INTRODUCTION

Expensify devotes a substantial portion of its Opposition[1] to the Blind User's Counsel, that Counsel's experience litigating unrelated matters under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the unrelated plaintiffs in those unrelated matters. None of this information demonstrates an actual case of controversy *between these parties*. Because the facts alleged, under all the circumstances, fail to show a substantial controversy between the parties in this case, and because at no time did such a controversy exist between them that was sufficiently immediate and real, the Court should dismiss Expensify's Complaint as there is no action ripe for adjudication; there never was.[2]

Instead or in addition to dismissing the Complaint for lack of an actual case or controversy, the Court might consider exercising its discretion to dismiss Expensify's lawsuit against this blind potential customer for prudential reasons. Should the Court maintain this action against the Blind User, other consumers seeking to redress the discrimination they face "will be strongly encouraged to file suit in [their] home forum without attempting first to resolve the dispute informally by means of a letter," in contravention of the "strong policy reasons" "to facilitate resolution of a dispute without resort to litigation," which policies the Ninth Circuit recognized in *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006) ("*Yahoo!*").

---

[1] When used herein, "Opposition" refers to Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint, ECF 26.

[2] The parties stipulated to the voluntary dismissal of Expensify's claims against Defendant Matt Kolesar on August 21, 2019. *See* Stipulation of Voluntary Dismissal of Defendant Matt Kolesar Pursuant to Fed. R. Civ. Pro. 41(A)(1)(a)(ii), ECF 28 (Aug. 21, 2019). Accordingly, when used herein, the "Blind User" refers to the remaining individual Defendant, Eddie White, only.

# ARGUMENT

## I. EXPENSIFY SEEKS AN ADVISORY OPINION ON ISSUES COLLATERAL TO THE PARTIES' PREVIOUS CASE OR CONTROVERSY.

"[T]he Supreme Court has stated that a declaratory judgment is only appropriate where it would completely resolve the concrete controversy." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) ("*Ashmus*") (*citing Calderon v. Ashmus*, 523 U.S. 740, 749 (1998)). In *Ashmus*, a putative class of state prisoners sought "a declaratory judgment as to the validity of a defense the State may, or may not, raise in a habeas proceeding." *Ashmus*, 523 U.S. at 747. Reversing a decision from the Ninth Circuit, the Supreme Court explained:

> Such a suit does not merely allow the resolution of a "case or controversy" in an alternative format, as in *Aetna Life Ins.*, *supra*, but rather attempts to gain a litigation advantage by obtaining an advance ruling on an affirmative defense. The "case or controversy" actually at stake is the class members' claims in their individual habeas proceedings. Any judgment in this action thus would not resolve the entire case or controversy as to any one of them, but would merely determine a collateral legal issue governing certain aspects of their pending or future suits.

*Id.* (internal citations omitted); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("…[*Ashmus*] simply holds that a litigant may not use a declaratory-judgment action to obtain piecemeal adjudication of defenses that would not finally and conclusively resolve the underlying controversy.").

Expensify does not seek a declaration regarding whether it discriminated the Blind User—the "case or controversy actually at stake" before the Blind User executed a covenant not to sue. Instead, as its Opposition makes clear, "Expensify desires an order of this Court stating that it is not in violation of ADA, the Unruh Act, or the PHRA *because it does not operate a place of public accommodation*[,]"

because it does not operate a brick-and-mortar storefront. Opposition at p. 17 (emphasis added). While the Complaint seeks a declaration on other legal defenses as well,[3] none of them would resolve the entire case or controversy between it and the Blind User. To illustrate, on August 12, 2019, the Supreme Court of California held that the Unruh Act applies to online-only businesses:

> In general, a person suffers discrimination under the [Unruh] Act when the person presents himself or herself to a business with an intent to use its services but encounters an exclusionary policy or practice that prevents him or her from using those services. We conclude that this rule applies to online businesses and that visiting a website with intent to use its services is, for purposes of standing, equivalent to presenting oneself for services at a brick-and-mortar store.

*White v. Square, Inc.*, S249248, 2019 WL 3771912, *1 (Cal. Aug. 12, 2019) ("*Square*").[4] Bound by the California Supreme Court's decision in *Square*, should it reach the issue, this Court must resolve Expensify's request for an order immunizing online-only businesses from Unruh Act liability in the Blind User's favor. This resolution, however, will not resolve the case or controversy previously at stake—whether Expensify discriminated the Blind User. Instead, like *Ashmus*, "[a]ny judgment in this action thus would not resolve the entire case or controversy as to [the parties], but would merely determine a collateral legal issue governing certain aspects of their pending or future suits." *Ashmus*, 523 U.S. at 747. This is

---

[3]  *See also* Compl., ECF 1, ¶ 30 ("Expensify requests a declaration that Expensify's website and mobile applications *are not places of public accommodation* and do not violate the ADA, and therefore Defendants allegations fail as a matter of law."); ¶ 36 ("As such, Expensify requests a declaration that its website and mobile applications *are not places of public accommodation*, that Expensify *has not intentionally discriminated* relative to its website and therefore does not violate the Unruh Act as a matter ow [sic] law."); and ¶ 40 ("Defendants have *not exhausted their administrative remedies* against Expensify in this action and therefore any PHRA judicial remedy requested in this tribunal is not ripe.").

[4]  There is no relation between the Blind User in this Case, Eddie White, and the plaintiff in *Square*.

not a proper use of the Declaratory Judgment Act. As a result, the Court, like *Ashmus*, should "conclude that this action for a declaratory judgment and injunctive relief is not a justiciable case within the meaning of Article III." *Id*. at 749. Expensify's Complaint should be dismissed with prejudice.

## II. NO CONTROVERSY OF SUFFICIENT IMMEDIACY AND REALITY EXISTED WHEN EXPENSIFY SUED THE BLIND USER.

> [T]here is no bright-line rule for determining whether an action satisfies the case or controversy requirement. To the contrary, the difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree ... with the basic standard being whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment…

*Intellisoft, Ltd. v. Acer Am. Corp.*, 2018 WL 2412179, at *6–7 (N.D. Cal. May 29, 2018) (*quoting Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008); (*Medimmune, Inc.*, 549 U.S. at 127).

The Blind User thought he was mid-negotiation when Expensify sued him without warning. At every turn, the Blind User's communications with Expensify demonstrate his open and ongoing efforts to resolve his alleged discrimination claims informally without litigation. In addition to having produced these communications previously (ECF 22-2 pp. 2-4, 22-29), the Blind User highlights below the excerpts from these exchanges the parties have referenced and others he believes the Court might find relevant in determining whether a substantial controversy of sufficient immediacy and reality existed between he and Expensify at the time Expensify filed this lawsuit against him seeking a declaratory judgment and damages.

| Doc. | The Blind User's Focus | Expensify's Focus |
|---|---|---|
| Accommodation Request | "Please let us know within fourteen (14) days of receipt of this | "Failure to remediate these deficiencies will subject you to |

| | | |
|---|---|---|
| (Feb. 27, 2019) ECF 22-2, pp. 2-4 | letter if you agree to participate in the interactive process outlined above." | suit in Pennsylvania federal court, and potentially, to California's statutory damages on a class basis." |
| Tucker Email (Mar. 23, 2019) ECF 22-2, pp. 21-22 | "In light of the above, we have been retained to contact Expensify about its inaccessible mobile applications and to resolve our clients' discrimination claims in a confidential settlement agreement, or litigation." _____ "By resolving this matter before litigation, it is our designed goal to eliminate the litigation-related fee award entirely and reduce the monitoring costs significantly." _____ "Perhaps we can schedule a time to connect by phone?" | "Attached is a 2018 decision from the W.D.Pa., where we will likely file the matter if necessary…." _____ "Alternatively, we also file 'website-only' cases in the D. Mass. and D.N.H." _____ "In light of the above, we have been retained to contact Expensify about its inaccessible mobile applications and to resolve our clients' discrimination claims in a confidential settlement agreement, or litigation." _____ Expensify also claims— inaccurately—that the email "trumpets [the Blind User's Counsel's] success in jurisdictions outside the Ninth Circuit in extracting large payments" (Opp. at 4) and that the email "tall[ies]" "the damages [the Blind User's Counsel] has extracted" in other litigation. In reality, the email does not provide any details about the Blind User's Counsel's attorneys' fees. The email links to an Agreement between the National Federation of the Blind and Uber, which agreement describes the fees and costs Uber paid to resolve disability discrimination claims brought against it. Had Expensify review this authority, it would |

| | | |
|---|---|---|
| | | know that undersigned was not involved in that litigation and that the colorful aspersions in its Opposition are false.<br><br>As noted, the Blind User sought to avoid such "extraction." |
| Tucker Email (April 4, 2019) ECF 22-2, p. 26 | Rather than file a lawsuit when Expensify ignored the Blind User's request to confer by phone, his Counsel followed up:<br><br>"Please let me know by April 11, 2019 whether you believe further pre-litigation discussions are appropriate. Otherwise, our office will conclude these resolution efforts to have been unsuccessful and go from there." | Expensify's Opposition does not reference this email. |
| Tucker Email (April 4, 2019) ECF 22-2, p. 25 | Upon learning that Expensify's counsel was out-of-the-country, the Blind User's counsel wrote:<br><br>"That is awesome. I look forward to catching up with Steve upon his return. Steve, if you're reading this, I hope you have a great time during your last days in Morocco." | Expensify's Opposition does not reference this email. It sued the Blind User 4-days later. |

As demonstrated above, at no point was the Blind User's finger on the trigger of litigation. The opposite is true. Each and every communication sent on his behalf requested and/or assumed the parties' informal resolution efforts were ongoing. No matter the threat Expensify allegedly perceived from the Blind User's Counsel having filed 35 similar cases since 2015—none involving the Blind User[5]—there simply was no controversy between *the parties in this case* that was immediate and real to warrant the issuance of a declaratory judgment and damages that Expensify now seeks *against the Blind User*. *See Merit Healthcare Intl., Inc. v. Merit Med.*

---

[5]   *See* Exhibit 1 to the Pasquinelli Decl. (ECF 26-2).

*Sys., Inc.*, 721 Fed. Appx. 628, 629 (9th Cir. 2018) (unpublished) (*quoting MedImmune*, 549 U.S. at 127 for the proposition "that an actual controversy requires a dispute that touches 'the legal relations of *parties* having adverse legal interests'") (emphasis added in *Merit*) (*quoting Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)); *citing also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1556 (9th Cir. 1989) ("The apprehension must have been *caused by the defendant's actions*." (emphasis added in *Merit*)); *Prasco LLC*, 537 F.3d at 1339 ("[A] case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*." (emphasis in original)).

In other words, Expensify's alleged apprehension of suit *by the Blind User* was not objectively reasonable, and a subjective apprehension is not enough. *See Prasco, LLC*, 537 F.3d at 1338–39 (*citing City of L.A. v. Lyons,* 461 U.S. 95 (1983) ("More importantly, the Supreme Court has emphasized that a fear of future harm that is only subjective is not an injury or threat of injury caused by the defendant that can be the basis of an Article III case or controversy."); *see also Indium Corp. of Am. v. Semi–Alloys, Inc.,* 781 F.2d 879, 883 (Fed. Cir. 1985) ("A purely subjective apprehension of an infringement suit is insufficient to satisfy the actual controversy requirement.").

### III. NO CONTROVERSY EXISTS BETWEEN EXPENSIFY AND THE BLIND USER TODAY.

Expensify contends the Blind User's covenant not to sue does not moot this litigation because "obtaining peace from [the Blind User] was not the issue – the deeper concern was the threat of litigation from the CL Firm's larger stable of on-

call plaintiffs." Opposition at p. 10.[6] As discussed above, Expensify's alleged subjective fears of other claimants are irrelevant to resolving the adverse legal interests between it and the Blind User, who (a) executed a covenant not to sue on June 21, 2019, ECF 22-2, pp. 6-10, (b) submits a Declaration herein affirming the abandonment of his claims, *see* Ex. 1, White Declaration, and (c) whose counsel will represent the same in-person should the Court hold a hearing on the pending motion. *See Howard v. Octagon, Inc.*, 2013 WL 5122191, *4 (N.D. Cal. Sept. 13, 2013) (finding no actual controversy where declaratory defendant represented to the court in papers and in-person that it would not seek to enforce its rights against declaratory plaintiff, and executed covenant not to sue regarding same).

Expensify's decision to voluntarily dismiss Matt Kolesar from this action further demonstrates that no controversy exists. If Expensify sincerely believed Mr. Kolesar still harbored legal interests adverse to it, and that the likelihood of suit from him were immediate and real, surely it would not have dismissed Mr. Kolesar from this action just to file a new first-filed case somewhere else.

This case is not analogous to the one that Expensify cites for the proposition that the matter will evade review and be repeated elsewhere. In *Sample v. Johnson*, 771 F.2d 1335 (9th Cir. 1985), the plaintiffs sought a declaration against the government regarding its administration of the Longshoremen's and Harbor Workers' Compensation Act. Like every other case the undersigned has reviewed, *Sample* considers the declaratory plaintiff's probability of injury at the hands of the declaratory defendant. To the contrary, Expensify seeks a judgment and damages against the Blind User because, it alleges, future litigation in another forum by

---

[6] This admission further demonstrates how the pending action is not about the adverse legal interests of these parties, but about Expensify's impermissible pursuit of an advisory opinion to use against future claimants.

another plaintiff is likely. The Blind User is unaware of any case law keeping a declaratory defendant on the hook for such hypothetical third parties. *Compare Sample*, 771 F.3d at 1342 (*quoting Lee v. Schmidt-Wenzel and Harter*, 766 F.2d 1387, 1389 (9th Cir.1985) ("Speculative contingencies afford no basis for finding the existence of a continuing controversy *between the litigants* as required by article III") (emphasis added)). Accordingly, Expensify has not satisfied its "burden to place the declaratory relief claim within the exception to mootness for conduct 'capable of repetition, yet evading review.'" *Koller v. Harris*, 312 F. Supp. 3d 814, 825 (N.D. Cal. 2018) (*quoting Sample*, 771 F.3d at 1342).

## IV. CONTROLLING AUTHORITY SUPPORTS ABSTENTION.

At the heart of this action is a consumer who sought to use Expensify's online services. When he found these services unavailable to him because he is blind, he contacted Expensify through counsel and requested that Expensify make its services compatible with the screen reader software that individuals with visual impairments use to access online content. Before picking up the phone, Expensify sued this blind consumer and now seeks damages from him. The weight of authority supports the dismissal of an action brought under these circumstances.

The Declaratory Judgment Act states that a federal court "may" grant declaratory relief "in a case ... within its jurisdiction." 28 U.S.C. § 2201. "This is an authorization, not a command to do so." *Am. Land Title Ass'n v. Great Am. Ins. Co.*, No. 05-cv-4365-PJH, 2006 WL 1329782, at *5 (N.D. Cal. May 16, 2006) (*citing Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942). "Thus, jurisdiction over requests for declaratory relief is permissive, *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962), even where the court has subject matter jurisdiction." *Id.*

The Blind User already explained why the Court should exercise the discretion afforded it to dismiss this action under *Yahoo!*. Such a dismissal would square the Ninth Circuit's policies encouraging informal resolution with recent but unsuccessful legislative efforts to curb the rise of ADA litigation by requiring pre-suit notice, which efforts the Blind User described in his opening brief. *See* Motion, p. 15, fn. 2.

In addition to *Yahoo!*, the Supreme Court identified three considerations in *Brillhart* to help determine whether a federal court should abstain from federal jurisdiction under the Declaratory Judgment Act, none of which are particularly relevant here. Fortunately, the Ninth Circuit identified a handful of additional considerations in *Govt. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). As this Court wrote previously,

> Other relevant consideration are whether the declaratory relief action will settle all aspects of the controversy, whether the declaratory relief action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory relief action is being sought merely for the purpose of procedural fencing or to obtain a "res judicata" advantage; whether the use of declaratory actions will result in entanglement between federal and state court systems.

*Am. Land Title Ass'n*, 2006 WL 1329782, at *6 (*citing Dizol*, 133 F.3d at 1225 & n. 5.). These considerations support abstention in this case brought after a blind consumer's informal request for a reasonable accommodation.

The Blind User previously explained why the declarations Expensify seeks will not settle all aspects of the controversy between he and it. *See* § I, *supra* (explaining why the collateral issues for which Expensify seeks a declaration will not resolve the case or controversy actually at stake). Nor is an order needed to clarify their legal relation. *Id.*; *see also* § III (the parties' relationship crystalized when the Blind User executed a covenant not to sue—there is none).

**A.     The Court Should Not Reward Expensify's Procedural Fencing.**

Expensify argues the Blind User's Accommodation Request and his Counsel's emails were sufficient to create a "reasonable apprehension of suit" to give rise to an actual case or controversy, but not so immediate as to make this lawsuit forum shopping for purposes of *Brillhart* and *Dizol*. Such a fine line cannot be drawn in this case, which is closely analogous to *Fidelity Nat. Financial, Inc. v. Ousley*, 2006 WL 2053498 (N.D. Cal. Jul. 21, 2006) ("*Fidelity National*"). In *Fidelity National*, the defendants sent plaintiffs a demand letter (a) based on state law and (b) which referenced non-diverse parties. Accordingly, the plaintiff was aware the basis for any future legal action would preclude federal subject matter jurisdiction. *Fidelity National*, 2006 WL 2053498, *5. "Instead of responding to the demand letter or contacting defendants, plaintiffs filed this declaratory judgment action in federal court one day after the response period cited in the letter expired." *Id*. This District found that "[t]hese circumstances indicate plaintiffs filed this declaratory judgment action in an attempt to forum shop into federal court. It would be inequitable to reward plaintiffs' forum shopping by according preferential first-filed status to an action filed prematurely for the purpose of securing the otherwise unavailable federal forum." *Id.*

Here, the Blind User sent Expensify an Accommodation Request. The request provided a 14-day deadline to respond and identified Pennsylvania as his intended forum. ECF 22-2, p. 4. Expensify responded within the deadline provided and kept the Blind User on-the-line until it sued him in California four days after Expensify's counsel wrote on April 4, 2019: "Steve Carlson is travelling in Morocco, where he is building an aqueduct to supply clean water to the villages there. He will return next week. I expect that he will respond to you at that time." ECF 22-2, p. 25.

Like the plaintiffs in *Fidelity National*, Expensify was aware from the letter it received that the Blind User had no intention of filing suit in this District. Expensify also knew the Blind User had no intention of filing suit, if at all, until after his counsel conferred with Expensify's counsel by phone, which as demonstrated above, Expensify led the Blind User to believe would occur sometime during the week of April 8, 2019. ECF 22-2, p. 25. As this District held in *Fidelity National*, it would be inequitable to reward Expensify's forum shopping when it was aware the Blind User's intended forum was in Pennsylvania and that informal dispute resolution efforts were ongoing at its own misdirection. *Compare to Cir. City Stores, Inc. v. Speedy Car-X, Inc.*, 1995 WL 568818, at *2 (E.D. Va. Mar. 27, 1995) *and Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc.*, 619 F. Supp. 998, 1002 (D. Md. 1985) (where courts found a case or controversy when a cease-and-desist letter was followed by a failed attempt to settle the dispute before litigation).

Expensify all but concedes it filed this action to gain a "res judicata advantage" over the Blind User and other blind consumers who might encounter its inaccessible software in the future. To this end, Expensify recognizes "[a] key dynamic driving this dispute is a circuit split," Opposition at 8, and brazenly admits it "sued preemptively to vindicate its rights in its home court, where the law is clear that Internet-only businesses are not places of public accommodation under the ADA." Id. at 6. Rather than make its online services available to all, Expensify presses this litigation forward with the singular purpose of obtaining the very "res judicata advantage" that supports dismissal.

### B. Maintenance of This Declaratory Judgment Action Will Entangle Pennsylvania's Administrative Remedies.

In *Ashmus*, the Supreme Court recognized "the need, emphasized in *Coffman*[7] and *Wycoff*,[8] to prevent federal-court litigants from seeking by declaratory judgment to litigate a single issue in a dispute that must await another lawsuit for complete resolution." *Ashmus*, 523 U.S. at 748. The Supreme Court addressed this "aberration" in *Ashmus*, where it explained that "if respondent Ashmus is allowed to maintain the present action, he would obtain a declaration as to the applicable statute of limitations in a federal habeas action without ever having shown that he has exhausted state remedies." *Id*. Similar to the appellants in *Ashmus*, Expensify seeks a declaration regarding a single issue—whether the PHRA applies to online-only businesses—without any party having exhausted the state remedies that statute requires. Because the Blind User must still invoke Pennsylvania's administrative remedies to resolve the disability discrimination claims raised in his Accommodation Request, even if this Court resolves the declaration in his favor, this case represents the type entanglement that supports abstention.

## V.     EXPENSIFY IS NOT ENTITLED TO NOMINAL DAMAGES.

The Ninth Circuit permits an award of nominal damages when a plaintiff's core constitutional protections are violated. *See Jacobs v. Clark County Sch. Dist.*, 526 F.3d 419, 426 (9th Cir. 2008) ("When a plaintiff alleges violation of a constitutional right, the Supreme Court has held that, even if compensatory damages are unavailable because the plaintiff has sustained no 'actual injury'—such as an economic loss, damage to his reputation, or emotional distress—nominal damages are nonetheless available in order to 'make the deprivation of such right actionable' and to thereby acknowledge the 'importance to organized society that

---

[7]     *Coffman v. Breeze Corp.*, 323 U.S. 316 (1945).
[8]     *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 245–246 (1952).

the right be scrupulously observed.'") (*quoting Carey v. Piphus*, 435 U.S. 247, 266 (1978)) (text alterations omitted); *see also Canales-Robles v. Peters*, 270 F. Supp. 3d 1230, 1239 (D. Or. 2017) (*citing Carey*, 435 U.S. at 266) ("*Carey* stands for the proposition that violations of core constitutional protections support claims for nominal damages, even if the plaintiff does not suffer cognizable monetary damages.").

Expensify claims it is entitled to nominal damages because the Blind User asserts his civil rights were violated, and by opposing these claims, that somehow its own civil rights are under attack. The Blind User is aware of no case that permits a for-profit corporation to appropriate an individual's civil liberties in this manner, and again, Expensify offers no authority to support such a far-reaching proposition. Rather, Expensify string cites various cases, each brought pursuant to 42 U.S.C. § 1983 alleging a constitutional deprivation by a state actor. These cases are distinguishable in that Expensify brings this action under 28 U.S.C. § 2201—not 42 U.S.C. § 1983—and the Blind User is not a state actor.

## CONCLUSION

For these reasons, the Blind User respectfully requests:

1. The Court dismiss Expensify's Complaint in its entirety;
2. Such additional relief as the Court deems appropriate.

DATED: August 28, 2019

Respectfully submitted by:

*/s/ Eric D. Zard*
Todd D. Carpenter (CA Bar No. 234464)
Eric D. Zard (CA Bar No. 323320)

**CARLSON LYNCH LLP**
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone: (619) 762-1910
Fax: (619) 756-6991
ezard@carlsonlynch.com

R. Bruce Carlson (PHV forthcoming)
Kevin W. Tucker (PHV forthcoming)

**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T. (412) 322-9243
bcarlson@carlsonlynch.com
ktucker@carlsonlynch.com

Counsel for Defendants Eddie White and Matt Kolesar